UNITED STATES DISTRICT COURT
District of Maryland

Dennis Shipman,

Plaintiff, Pro Se

V.

Complaint

Bruce Goodman,
Nancy Landis,
Goodman Properties

Defendants.

CASE NUMBER: **JFM 13 CV 0308**

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant 28 U.S.C. §1332(a). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 (a).

## PARTIES

2. Plaintiff: Dennis Shipman
   Address: 4417 Kenwood Avenue
   2nd Floor
   Baltimore, MD 21026-2017
   Dennis@EastNYManagement.net
   (347) 846-8447

3. Defendant: Goodman Properties, Bruce Goodman, Nancy Landis
4. Address: 636 Old York Road, 2nd Floor, Jenkintown, PA 19046
   bruce@goodmanproperties.org
   (215) 885-8383

FORM E(1)(a).1

5/2005

1

## BACKGROUND

1. Upon information and belief on Saturday, December 8, 2012, defendant maliciously, unethically and unlawfully, had plaintiff's truck tractor towed from where it was *legally* parked with permission from management at the anchor store – i.e., CVS – located in an unused parking lot behind 6635 Belair Road in Baltimore, Maryland 21206.

2. Plaintiff immediately called 911. After some discussion as to whether the county or the city had jurisdiction, plaintiff connected with a Baltimore Police Officer who filed a stolen auto complaint – i.e., number 124L3499 - with the department.

3. Unfortunately, the VIN returned as "unfound" because the BPD clerk processing the complaint assumed the tractor was "titled" in Maryland. The tractor is titled in Pennsylvania, however.

4. Plaintiff immediately identified the owners/managers of the lot in question, which is "Goodman Properties." (Hereinafter "Goodman.")

5. Plaintiff contacted defendant in the persons of Bruce Goodman and his executive assistant Barbara Throne numerous times by electronic mail and facsimile relative to who authorized the tractor to be towed, which is so heavy relative to most vehicles it requires a "heavy duty" tow truck when not under power.

6. Neither Ms. Throne nor Mr. Goodman deigned to respond.

2

7. However, someone only identified as "Nancy" who plaintiff suspects is defendant Nancy Landis did call on or about December 12th.

8. Plaintiff told her as he did Ms. Throne and Mr. Goodman in writing that he was not taking any telephone calls relative to the matter because it was now the subject of a criminal investigation by Baltimore Police department (Hereinafter "BDP") because as of this filing no one knows where this tractor is. The company that actually has the contract to tow from that location does not have it according to BPD.

9. Obstinate and unapologetic, Landis refused to honor plaintiff request forcing him to terminate the call. Landis called back. Plaintiff again terminated the call, and immediately emailed both Bruce Goodman and Barbara Throne that plaintiff asked that all communication relative to this issue be in writing to maintain an evidentiary record demonstrating diligence in locating his property.

10. Plaintiff's tractor is worth approximately $10,000. It is his *sole* asset, moreover.

11. One with which he earns a living. Since the loss of this equipment on or about December 8th he has not been able to earn a living, support his family, enter into contractual agreements, develop business, or expand capacity.

12. He has had to apply for public assistance like a common pauper through Baltimore City Department of Social Services and, as a direct consequence of defendants' "bad acts," is effectively broke.

13. It is outrageous for a millionaire owner of a lucrative real estate management company to ignore plaintiff's respectful attempts to locate his property, property with which he earns his living, and retrieve it before it is vandalized, damaged, or irreparably destroyed.

14. His losses accrue daily at the rate of $400 -$500/day, moreover.

## STATUTORY AUTHORITY

15. Economic torts are torts that provide the common law rules on liability for the infliction of pure economic loss, such as interference with economic or business relationships.

16. Economic torts protect people from interference with their trade or business. (see p.509 Markesinis and Deakin's Tort Law (2003 5th Ed.) OUP)

17. The principal torts can be listed as passing off, injurious falsehood and trade libel (see also Food libel laws), conspiracy, inducement of breach of contract, *tortious interference* (such as interference with economic relations or unlawful interference with trade), and watching and besetting. These torts represent the common law's historical attempt to balance the need to protect claimants against those who inflict economic harm and the wider need to allow effective, even aggressive, competition (including competition between employers and their workers).

18. This matter could have been simply settled had the defendants contacted plaintiff in writing acknowledging that they authorized the truck tractor to be towed and, more importantly, where they had it towed.

4

19. Instead an [defendant] employee who plaintiff believes upon information and belief was caught on videotape taking pictures of plaintiff's tractor contacted him by telephone trying to engage him in an argument instead of resolution.

20. The defendants dug in their collective heels and causing a very small businessman with a disability that "impairs a major life function" catastrophic economic losses with which they remain unapologetic and uncommunicative.

## ARGUMENT

21. Both Maryland and Federal law recognizes common law causes of actions for damages based on theories of Conversion, Theft and loss of business opportunities, Tortious interference, Intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED).

22. "When [a] conversion occurs, the injured party should receive full compensation for actual losses. Special damages may be recovered in an action for conversion for any injury proximately resulting from the conversion."

23. Tortious interference with business relationships occurs where the tortfeasor acts to prevent the plaintiff from successfully establishing or *maintaining* business relationships.

24. Typical legal remedies for tortious interference include economic losses if they can be proven with certainty and mental distress. Additionally punitive damages may be awarded if malice on the part of the wrongdoer can be established, which plaintiff has already provided *prima facie* evidence.

25. Intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.

26. The causation of severe emotional distress through negligent action. Plaintiff has experienced contact as a result of defendant's negligence, or at least been in the zone of danger.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION: Theft and loss of business opportunities

SECOND CAUSE OF ACTION: Conversion

THIRD CAUSE OF ACTION: Intentional infliction of emotional distress (IIED)

FOURTH CAUSE OF ACTION: negligent infliction of emotional distress (NIED)

FIFTH CAUSE OF ACTION: Tortious interference

Punitive damages for the intentional Infliction of emotional distress.

Plaintiff(s) demand(s) a trial by (Court)

## PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief: compensatory damages in the amount of $75,000 for Conversion, Theft and loss of business opportunities, Tortious interference; punitive damages in the amount of $225,000 for Intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED) and attorney fees.

Plaintiff declare under penalty of perjury that the foregoing is true and correct except for those representations made as to information and belief, but as to those, believes them to be correct.

DATED: January 27, 2013

/s/ Dennis Shipman

---
Dennis Shipman
4417 Kenwood Avenue
2nd Floor
Baltimore, MD 21026-2017
Dennis@EastNYManagement.net